**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARRIE SCHMITT,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Civil Action No. 26-cv-1228-MJH<br><br>Judge Marilyn J. Horan<br><br>Electronically Filed |

**DEFENDANT NO. 104 (SHOPRAZYS.COM)'S MOTION TO DISMISS**

**Introduction**

Defendant Fashion Vivo Limited ("Fashion Vivo"), identified on Schedule A to the Complaint (ECF No. 1) as Defendant No. 104 (shoprazys.com), moves to dismiss the Complaint for lack of personal jurisdiction, improper joinder and insufficient service of process. Fashion Vivo appears solely to present these defenses and does not consent to jurisdiction or waive any defense through this filing.

This Motion to Dismiss (the "Motion") rests on three independent grounds, but each is independently enough for complete dismissal. First, the Complaint pleads nothing about Fashion Vivo's specific contacts with Pennsylvania. Instead, Plaintiff pleads generally and only what it says about all 156 Schedule A defendants at once for jurisdictional purposes. Second, Plaintiff has joined Fashion Vivo with 155 unrelated sellers whose only common thread is the claim that each, separately, infringed upon one of three of Plaintiff's copyrights.[1] That is not a transaction or occurrence; it is merely a list. And third, Fashion Vivo has never been properly served with original process. The Court denied Plaintiff's request for alternative service (ECF Nos. 28, 33)

[1] As discussed below, the identified sellers are split into three separate groups – corresponding to the alleged infringement claims of the three separate copyrights.

and directed that Plaintiff comply with the Federal Rules and/or the Hague Convention to effectuate appropriate "formal service of process." Plaintiff has done neither.

Because the Court lacks jurisdiction over Fashion Vivo, the temporary restraining order cannot stand as to Defendant No. 104. Consistent with this Court's Order as to other similarly-situated Defendants, ECF No. 38, the Court should dismiss Fashion Vivo, vacate the TRO as to Defendant No. 104, and direct the release of the restraint on its PayPal accounts.

**Background**

Plaintiff alleges that sellers on Amazon, Walmart, and Temu sold products bearing designs that infringe her registered copyrights. ECF No. 1 pmbl. & ¶ 1. The Complaint identifies three different copyrighted works and divides the defendants among them: Defendants 1–48 are accused of infringing VA 2-412-616; Defendants 49–106 are accused of infringing VA 2-412-614; and Defendants 107–156 are accused of infringing VA 2-344-790. *Id.* at 2. Fashion Vivo, as Defendant No. 104, is accused of infringing one work only: VA 2-412-614.

The Complaint does not identify any Pennsylvania customer of Fashion Vivo, any Pennsylvania-directed advertising, any Pennsylvania-specific marketing, or any arm's-length sale by Fashion Vivo to a Pennsylvania resident. Instead, it alleges that each defendant was "willing" to accept an order from "a representative of Plaintiff with a Pennsylvania address," "willing" to ship to that representative, and "willing" to collect Pennsylvania sales tax, and that, "upon information and belief," each defendant has sold products to other Pennsylvania consumers. *Id.* ¶ 3. Plaintiff also seeks to impute every defendant's alleged Pennsylvania contacts to every other defendant through a civil conspiracy count. *Id.* ¶¶ 9–10, 51–56.

On August 31, 2026, Plaintiff moved *ex parte* under Rule 4(f)(3) for leave to serve all defendants by e-mail and by posting on a website. ECF No. 28. On September 22, 2026, the Court denied that motion. ECF No. 33. While the Court permitted electronic *notice* of the TRO and

preliminary injunction proceedings under Rule 65, it ordered that "[a]ny other formal service of process must comply with the Federal Rules of Civil Procedure and/or Hague Convention as indicated in *Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025)." *Id.* Fashion Vivo, a Hong Kong company, has yet to be served with formal process as required under the Court's September 22 Order, and Plaintiff has not provided any contrary indication or explanation of such notice.

On October 2, 2026, Defendants 6, 9, 64, and 83 moved to dismiss the Complaint for lack of personal jurisdiction and improper joinder. ECF No. 34. On October 7, 2026, the Court entered a TRO against the Schedule A defendants that, among other things, restrains their accounts and assets. ECF No. 37. The TRO again states that its electronic-notice provision "applies to notice [of] the TRO and Preliminary Injunction proceedings and does not grant the Plaintiff leave for alternative service." *Id.* at 9. On October 8, 2026, the Court vacated the TRO as to the four moving defendants. ECF No. 38. This Motion, on behalf of Defendant No. 104, now follows.

**Argument**

**A. Plaintiff Has Failed to Establish Personal Jurisdiction over Fashion Vivo.**

Plaintiff does not plead general jurisdiction in this matter. The issue, then, is specific jurisdiction. The Complaint, however, contains only collective allegations that say nothing about Fashion Vivo.

In the Complaint, Plaintiff alleges that each defendant "purposefully directed and expressly aimed" its activities at Pennsylvania because each was "willing" to accept an order from Plaintiff's own representative at a Pennsylvania address, "willing" to ship there, and "willing" to collect Pennsylvania sales tax. ECF No. 1 ¶ 3. Plaintiff then adds, "upon information and belief," that each defendant also sold to other Pennsylvania consumers. *Id.* ¶¶ 3, 8, 42. Every one of these allegations is pleaded against all 156 defendants at once. No allegation identifies a Pennsylvania

customer of Fashion Vivo, a sale by Fashion Vivo to a Pennsylvania resident, or any Pennsylvania-directed advertising or marketing by Fashion Vivo. Plaintiff's generalized allegations are not enough to establish specific jurisdiction. Moreover, as set forth below, even if each defendant was "willing" to accept an order from Plaintiff's own representative, this activity is insufficient to support jurisdiction.

A defendant may move to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Once the defense is raised, the plaintiff bears the burden of establishing that jurisdiction exists. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007); *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Although the Court accepts the plaintiff's allegations as true at this stage, the plaintiff must still make a *prima facie* showing by establishing "with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *see O'Connor*, 496 F.3d at 316. And once a jurisdictional defense is raised, the plaintiff must "prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

Pennsylvania's long-arm statute reaches "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b); *Marten*, 499 F.3d 290; *Hasson v. FullStory, Inc.*, 114 F.4th 181 (3d Cir. 2024); *see* Fed. R. Civ. P. 4(k)(1)(A). The only question is due process. Specific jurisdiction exists only if "(1) the defendants purposefully directed their activities at the forum; (2) the action arises out of or relates to those activities; and (3) the exercise of jurisdiction otherwise comports with fair play and substantial justice." *Forcel Media Ltd. v. DecYI*, No. 2:25-cv-750, 2025 WL 1665586, at *1 (W.D. Pa. June 12, 2025) (citing *Williams v. Elliott*, No. 18-5418, 2020 WL 470308, at *4 (E.D. Pa. Jan. 29, 2020)).

Purposeful availment requires "a deliberate targeting of the forum." *O'Connor*, 496 F.3d at 317. "[T]he 'unilateral activity of those who claim some relationship with a nonresident defendant' is insufficient." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The requirement ensures that a defendant is not haled into court based on random, fortuitous, or attenuated contacts. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). For that reason, "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Id.* Courts in this Circuit routinely reject jurisdiction premised on an online storefront that happens to be accessible from Pennsylvania. *See Forcel*, 2025 WL 1665586, at *1-2; *Flipside Wallets LLC v. Brafman Group, Inc.*, 2020 WL 1330742, at *3 (E.D. Pa. Mar. 19, 2020) ("Even if [the defendant] knew or should have known that its products would end up in Pennsylvania through Amazon sales, that expectation is insufficient to establish specific jurisdiction."); *Guidecraft, Inc. v. OJCommerce, LLC*, No. 2:18-cv-01247, 2019 WL 2373440, at *5 (W.D. Pa. May 20, 2019) (businesses using Amazon "glean customers thousands of miles away," but "such reach does not meet the definition of purposeful availment as interpreted by the United States Court of Appeals for the Third Circuit, and neither does it satisfy the fairness inquiry").

Operating a store on a national e-commerce platform does not establish purposeful availment. *Forcel*, 2025 WL 1665586, at *1; *Toys "R" Us*, 318 F.3d at 454. In *Forcel*, this District rejected materially identical Schedule A allegations—that the defendants operated online stores through which Pennsylvania residents could buy the accused products. 2025 WL 1665586, at *1. The same result follows here. Conclusory, collective allegations unsupported by defendant-specific facts do not carry Plaintiff's burden. *Id.* at *2; *Zhang v. AAGGO*, 2:25-cv-852025, WL

1158909, at *3 (W.D. Pa. Apr. 21, 2025) ("the Court concurs with its sister courts finding that personal jurisdiction will not attach absent any evidence of actual sales to the forum state.").

Two features of Plaintiff's theory in this case deserve particular attention:

**First, "willingness" is not targeting.** A seller's willingness to accept an order placed by the plaintiff's own representative is, by definition, the product of the plaintiff's choice, not the defendant's. The Third Circuit is clear that "the 'unilateral activity of those who claim some relationship with a nonresident defendant' is insufficient." *O'Connor*, 496 F.3d at 317. What matters is "a deliberate targeting of the forum" by the defendant. *Id.* A plaintiff cannot manufacture jurisdiction by reaching out from the forum and then pointing to the response. If it could, every online seller in the world would be subject to suit wherever a plaintiff's investigator chose to sit. That is precisely the result *Toys "R" Us* forecloses. 318 F.3d at 454.

**Second, a conspiracy label does not supply contacts.** Plaintiff asserts that, by virtue of its civil conspiracy count, "the Pennsylvania contacts of each Defendant are imputed to every other Defendant." ECF No. 1 ¶ 9. But the conspiracy is itself pleaded entirely "upon information and belief," with no facts identifying any agreement, any communication, or any relationship between Fashion Vivo and any other defendant. *Id.* ¶¶ 52–54. Jurisdiction must rest on "the defendant's" own deliberate conduct directed at the forum. *O'Connor*, 496 F.3d at 317. Borrowing the contacts of 155 strangers through an unsupported label is the opposite.

Because Plaintiff has not pleaded facts showing that Fashion Vivo purposefully directed any activity at Pennsylvania, any exercise of jurisdiction over it in this forum would violate due process. Accordingly, the Complaint should be dismissed as to Fashion Vivo under Fed. R. Civ. P. 12(b)(2).

**B. Plaintiff Has Improperly Joined Fashion Vivo with 155 Other Defendants.**

Fed. R. Civ. P. 20(a)(2) permits joinder of multiple defendants only if (1) the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants will arise in the action. Both requirements must be met. When parties are misjoined, Rule 21 authorizes the Court to sever or dismiss them on just terms. Fed. R. Civ. P. 21.

In intellectual property cases, allegations that multiple defendants independently infringed the same work do not, standing alone, satisfy Rule 20. *See Fonovisa, Inc. v. Does 1-9*, No. 07-1515, 2008 WL 919701, at *4 (W.D. Pa. Apr. 3, 2008). "[T]here must be a connection between the defendants beyond the copyrighted work and method of distribution," and "simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *Acosta v. Lounge*, No. 18-17710, 2019 WL 5304156, at *11-13 (D.N.J. Oct. 18, 2019). This District has applied those principles in the Schedule A context and held that conclusory allegations of shared sales practices, marketplace characteristics, and other supposed indicators of coordination do not establish a common transaction or occurrence. *Forcel*, 2025 WL 1665586, at *2-4.

In *Forcel*, this District questioned the joinder of more than one hundred Schedule A defendants in a single intellectual property action and held that allegations materially similar to those here did not establish a connection among the defendants. 2025 WL 1665586, at *2-4. There, the plaintiff alleged shared registration patterns, payment methods, checkout methods, keywords, product descriptions, images, and other supposed indicators of coordination. *Id.* at *3. The court rejected them as "conclusory assertions unsupported by sufficient facts." *Id.*

The allegations here are no better. Plaintiff alleges that the defendants "cooperated, communicated, shared information, and coordinated their efforts," that they are "an interrelated

group of infringers working in active concert," and that their storefronts share "unique identifiers, such as design elements and similarities of the unauthorized products offered for sale." ECF No. 1 ¶¶ 5, 16, 19, 22, 36. Yet, Plaintiff pleads no facts identifying any agreement among the defendants, any shared ownership, any common management, any common supplier, any shared financial account, or any communication between any two of them. What remains is the allegation that the defendants sold similar products in similar ways. As *Forcel* recognized, that does not satisfy Rule 20. *See also Glitch Prods. Pty Ltd v. BaiHeShangMao*, No. 2:25-CV-00727, 2025 WL 1899266 (W.D. Pa. July 1, 2025) (denying preliminary injunction in a Schedule A case due to improper joinder).

Copyright-specific authority in the Third Circuit Court of Appeals points the same way. In *Fonovisa*, this District held joinder improper where multiple defendants allegedly infringed the same copyrighted works through the same peer-to-peer platform, because each defendant acted independently and there was no evidence of concerted activity. 2008 WL 919701, at *4. "[T]here must be a connection between the defendants beyond the copyrighted work and method of distribution," and "simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *Acosta*, *supra.*

Plaintiff's theory is weaker still. Plaintiff's own chart divides the defendants among three different copyrighted works. ECF No. 1 at 2. Fashion Vivo is accused of infringing only VA 2-412-614. Roughly two-thirds of the other defendants are not accused of infringing that work at all. Liability as to Fashion Vivo will turn on its own listing, its own product, its own conduct, and its own damages—none of which overlaps with the proof against a defendant accused of copying a different painting. These claims do not arise from a common transaction or occurrence. Instead, they are 156 separate lawsuits bundled under one caption.

For all of these reasons, joinder is improper. If the Court does not dismiss Fashion Vivo under Rule 12(b)(2) or 12(b)(5), it should sever and dismiss the claims against Fashion Vivo under Rule 21.

**C. Fashion Vivo Has Not Been Served as the Court's September 22 Order Requires.**

Personal jurisdiction has a second, independent prerequisite: valid service. *Omni Capital Int'l Ltd. V. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565 (3d. Cir. 1996). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital*, 484 U.S. at 104. A summons, even when properly issued, "is not effective in conferring personal jurisdiction" unless it is "served in accordance with Rule 4 of the Fed. R. Civ. P." or service has been effectively waived. *Ayres,* 99 F.3d 565 at 570. Notice of the action is not a substitute. *See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476 (3d Cir. 1993) (vacating default judgment against foreign defendants who were not served as the applicable rules required; notice of the action did not effect a waiver). On a Rule 12(b)(5) motion, "the party making the service has the burden of demonstrating its validity." *Carpenter v. Young*, No. 04-927, 2004 WL 1858353, at *2 (E.D. Pa. Aug. 3, 2004).

Service on a defendant located in a country that is a party to the Hague Convention must comply with the Convention. *Philadelphia Gear Corp. v. Am. Pfauter Corp.*, 100 F.R.D. 58, 60 (E.D. Pa. 1983). Where service is ineffective, the court "has discretion . . . to dismiss or to quash service." *In re Bulk (Extruded) Graphite Prods. Antitrust Litig.*, 2006 WL 1084093, at *2 (D.N.J. Apr. 24, 2006).

The record concerning service in this case is thin. Plaintiff asked the Court for leave to serve all defendants by e-mail and website posting. ECF No. 28. The Court declined to allow

such lax service standards. ECF No. 33. It permitted electronic notice of the TRO and preliminary injunction proceedings under Rule 65, and nothing more. It also directed that "[a]ny other formal service of process must comply with the Federal Rules of Civil Procedure and/or Hague Convention." *Id.* The Court then said so again in the TRO itself: the electronic-notice provision "applies to notice [of] the TRO and Preliminary Injunction proceedings and does not grant the Plaintiff leave for alternative service." ECF No. 37 at 9.

Plaintiff has not served Fashion Vivo under the Hague Convention. It has not served Fashion Vivo by any other method authorized by Rule 4. And Fashion Vivo has not waived service. Plaintiff has filed no proof of service as to Defendant No. 104. Whatever electronic notice Plaintiff may have sent under Rule 65 is, by the Court's own terms, notice of the injunction proceedings—not service of process. Notice and service are different things, and the Court has already drawn that line twice.

The law is equally clear. A summons "is not effective in conferring personal jurisdiction" unless served in accordance with Rule 4 or effectively waived. *Ayres*, 99 F.3d 565 at 570. Actual knowledge of the lawsuit does not cure the defect. *See Grand Entertainment*, 988 F.2d 476 (foreign defendants not served in the manner the rules required; notice of the action did not amount to waiver). Service on a defendant in a Hague Convention country must comply with the Convention. *Philadelphia Gear*, 100 F.R.D. at 60. And it is Plaintiff's burden, not Fashion Vivo's, to demonstrate that service was valid. *Carpenter*, 2004 WL 1858353, at *2.

Plaintiff cannot meet this burden because it has not served Fashion Vivo consistent with the Hague Convention's requirements. Accordingly, the Court should dismiss the Complaint as to Fashion Vivo under Rule 12(b)(5). *See In re Bulk (Extruded) Graphite*, 2006 WL 1084093, at *2.

### D. The TRO and Asset Restraint Should Be Vacated as to Fashion Vivo.

Injunctive relief against a defendant presupposes the Court's power over that defendant. As established above, however, summons is not effective in conferring personal jurisdiction unless it is served in accordance with Rule 4 or service is waived. *Ayres*, 99 F.3d 565 at 570. Further, the Complaint does not plead facts establishing that Fashion Vivo purposefully directed any conduct at Pennsylvania. Without jurisdiction, there is no basis to maintain any freeze of Fashion Vivo's funds.

The TRO notes that perfecting service is not a prerequisite to entry of a preliminary injunction where the defendant has notice. ECF No. 37 at 9 n.5. But that principle addresses the *timing* of service. It does not dispense with personal jurisdiction, and it does not permit an indefinite restraint against a defendant whom Plaintiff has made no effort to serve in the manner this Court ordered. Plaintiff has had the Court's instruction since September 22 and chosen not to follow it.

The Court has already vacated the TRO as to the four defendants who raised these same jurisdictional and joinder defenses. ECF No. 38. Fashion Vivo is identically situated as to those defenses, and it adds an additional defense: that it has never been properly served. There is no principled basis to treat it differently. The Court should vacate the TRO as to Defendant No. 104 and direct PayPal, Inc. and any other provider or financial institution to release the restraint on any account(s) associated with Defendant No. 104. This includes a PayPal account belonging to Brand Haus Limited—an entity not otherwise named as a party to this litigation or associated with any URL identified in Schedule A.

Fashion Vivo otherwise reserves all defenses to the claims asserted in the Complaint and the allegations set forth in the motion seeking extraordinary equitable relief in conjunction with a *de minimis* bond.

**Conclusion**

WHEREFORE, Fashion Vivo Limited, identified as Defendant No. 104 (shoprazys.com), respectfully requests that the Court:

1. Dismiss the Complaint as to Defendant No. 104 for lack of personal jurisdiction under Rule 12(b)(2);
2. Dismiss the Complaint as to Defendant No. 104 for insufficient service of process under Rule 12(b)(5);
3. In the alternative, sever and dismiss the claims against Defendant No. 104 under Rules 20 and 21;
4. Vacate the Temporary Restraining Order (ECF No. 37) as to Defendant No. 104 and direct PayPal, Inc. and any other provider or financial institution to release the restraint on any account(s) associated with Defendant No. 104; and
5. Grant such other relief as the Court deems just.

Respectfully submitted,

MEYER, UNKOVIC & SCOTT LLP

*<u>/s/ David G. Oberdick</u>*
David G. Oberdick (PA I.D. No. 47648)
dgo@muslaw.com
Justin D. Beck (PA I.D. No. 324787)
jdb@muslaw.com
600 Grant Street, 50th Floor
Pittsburgh, PA 15219
(412) 456-2800

*Counsel for Defendant No. 104,*
*Fashion Vivo Limited (shoprazys.com)*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, the foregoing **Motion to Dismiss** was filed and served electronically using the Court's CM/ECF system.

*/s/ David G. Oberdick*
David G. Oberdick